IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SAMUEL ROSS,<br>    Plaintiff,<br><br>v.<br><br>A. HOASE, *et al.*,<br>    Defendants. | Case No. 4:25-cv-04223-JEH |

**Merit Review Order**

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Lieutenants A. Hoase, Greene, and Nicholas Bryan, Grievance Officer Katherine Linboom, Warden Tyrone Baker,

1

Administrative Review Board ("ARB") Chairperson Ryan Kildoff, Correctional Officers Kaman Johnson and Jamar Range, Sergeant Michael Moore, and Mental Health Providers ("MHP") Main and Rapp.

Plaintiff divides his Complaint into six claims: (1) a Fourteenth Amendment procedural due process claim against Defendants Hoase, Linboom, Baker, and Kildoff based on being placed in segregation on December 13, 2023; (2) a First Amendment retaliation claim against Defendant Moore; (3) a Fourteenth Amendment procedural due process claim against Defendants Linboom, Bryan, Range, Baker, and Kildoff regarding a disciplinary hearing on January 15, 2024; (4) an Eighth Amendment excessive force claim against Defendants Greene and Johnson; (5) an Eighth Amendment deliberate indifference claim against Defendants Main and Rapp for allegedly failing to provide mental health treatment; and (6) an Eighth Amendment conditions of confinement claim.

## A

On December 13, 2023, Plaintiff alleges Defendant Hoase placed him in segregation under investigation status and never notified him why he was under investigation status.

Plaintiff filed a grievance and received a response from Defendant Grievance Officer Linboom. Plaintiff claims there was an error in her response. Plaintiff wrote a letter to Defendants Linboom and Warden Baker about the mistake and asked to be released from segregation, but they did not respond. Plaintiff appealed his grievance to the ARB, and Defendant ARB Chairperson Kildoff denied the appeal.

Plaintiff claims Defendants Hoase, Linboom, Baker, and Kildoff violated his Fourteenth Amendment procedural due process rights by failing to properly address his grievance and notify him why he was under investigation status.

B

Next, Plaintiff alleges Defendant Sergeant Moore violated his First Amendment rights by retaliating against him for filing a PREA complaint against another prison staff member on December 1, 2023. While Plaintiff was in segregation, Defendant Moore allegedly harassed him by withholding his mail, shaking down his cell, interfering with his medical treatment, and issuing false disciplinary tickets on January 2 and 9, 2024. On an unknown date, Defendant Moore allegedly told another officer, "Hey be careful passing out trays Ross might call (PREA) on you." (Doc. 1 at p. 10).

C

Plaintiff alleges Defendants Grievance Officer Linboom, Adjustment Committee Members Bryan and Range, Warden Baker, and ARB Chairperson Kildoff violated his Fourteenth Amendment procedural due process rights by not allowing him to be heard at a disciplinary hearing on January 15, 2024, and failing to properly address his grievance.

On January 15, 2024, the Adjustment Committee came to Plaintiff's cell door to hold a hearing on his disciplinary ticket dated January 2, 2024. Plaintiff alleges when Defendant Correctional Officer Range opened his file folder, Plaintiff saw the Adjustment Committee had already found him guilty and imposed 14 days of segregation time. When Plaintiff asked Defendant Range how that was possible, he allegedly laughed and walked away.

Plaintiff filed a grievance. Defendant Grievance Officer Linboom found his grievance had no merit, and Defendant Warden Baker concurred. Plaintiff appealed to the ARB, but Defendant ARB Chairperson Kildoff denied the appeal and claimed Plaintiff's discipline was substantiated. Plaintiff states he wrote a letter to Defendant Kildoff and asked him to reconsider the ARB's ruling, but Defendant Kildoff did not respond.

**D**

While in segregation, Plaintiff alleges Defendants Lieutenant Greene and Correctional Officer Johnson used excessive force against him on January 19, 2024.

Plaintiff alleges he asked to use the bathroom before receiving his medical breathing treatment. When an unidentified officer was escorting Plaintiff back to his cell to use the bathroom, Defendant Greene asked the officer where he was taking him and stated Plaintiff would not be let back out if he returned to his cell. Plaintiff alleges he explained to Defendant Greene that he had tested positive for colon cancer and was having stomach pain.

Plaintiff states the unidentified officer had to go somewhere else, so Defendant Correctional Johnson grabbed Plaintiff's waist chain. As Plaintiff and Defendant Greene continued their discussion, Defendant Johnson allegedly said, "[F]uck this[.] I'll drag his ass back to his cell." *Id.* at pp. 16-17. Defendant Johnson then yanked Plaintiff's handcuff and waist chain leash so violently that the handcuff cut into Plaintiff right wrist and injured his shoulder, which was already injured and in a cast.

Plaintiff alleges Defendants Greene and Johnson wrote a false disciplinary ticket against him to justify their use of excessive force. Plaintiff filed grievance against Defendants Greene and Johnson, but his grievance and appeal were denied.

**E**

Plaintiff alleges Defendants Main and Rapp were deliberately indifferent to his mental health needs while he was in segregation.

Plaintiff states he learned that he might have colon cancer in November or December 2023. While in segregation, Plaintiff alleges he had a mental breakdown, began hearing and seeing things, and worried he was dying from cancer. Plaintiff asked to speak with Defendants Main and Rapp between December 13, 2023 and

4

March 20, 2024, but they allegedly refused to speak with him and did not allow him to attend mental health programs.

## F

Finally, Plaintiff alleges he was forced to endure unconstitutional conditions of confinement while he was in segregation for 144 days.

Specifically, Plaintiff claims he was denied recreational time for 143 days; his cell was extremely cold due to a broken window; he was denied cleaning supplies to clean blood, urine, feces, and water flooding his cell; he had no pillow; and he was unable to control the light switch. Plaintiff also claims he was denied mental health treatment and medical care, including a scheduled colonoscopy, sleep apnea test, and a follow-up visit at the hospital.

On March 20, 2024, Plaintiff alleges he was transferred to a prison with a higher security level based on the disciplinary ticket dated January 19, 2024. Plaintiff claims the conditions at this prison are worse, and as of November 28, 2025, his medical issues have still not been addressed.

## III

## A

Plaintiff alleges Defendant Hoase violated his Fourteenth Amendment due process rights by placing him in segregation on December 13, 2023, and failing to provide notice why he was being placed under investigation status. Plaintiff also claims Defendants Adjustment Committee Chairperson Bryan and Adjustment Committee Member Range violated his due process rights by finding him guilty and imposing discipline based on a false disciplinary ticket dated January 9, 2024, before giving him the opportunity to be heard during a disciplinary hearing on January 15, 2024.

The Due Process Clause of the Fourteenth Amendment prohibits the deprivation "of life, liberty, or property, without due process of law," U.S. Const.

5

amend. XIV, and those who seek to invoke its protection "must establish that one of these interests is at stake." *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "To succeed on a due process claim stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest. Thus, the question is whether a protected liberty interest exists, and if so, whether [Plaintiff] received adequate process to protect it." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (internal citations omitted).

A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court must examine not just the severity, but the duration of the complained-of conditions. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Under Seventh Circuit precedent, "five months in segregation, standing alone, is not enough to implicate a liberty interest that triggers due process rights. Fewer than six months in segregation, however, may still establish a liberty interest 'depending on the conditions of confinement.'" *Ealy*, 109 F.4th at 964 (quoting *Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015) (internal citations omitted)).

Here, Plaintiff alleges he remained in segregation for 144 days. During that time, he was allegedly denied mental health treatment and medical care; his cell was extremely cold due to a broken window; there was blood, feces, urine, and water flooding his cell, but he was denied cleaning supplies; and he did not have a pillow and was unable to control the light switch. Plaintiff also claims he was transferred to another facility with a higher level of security on March 20, 2024, where the conditions were even worse. Due to the length of time in segregation, the alleged conditions, and possible disciplinary transfer, the Court finds Plaintiff

has stated a plausible Fourteenth Amendment procedural due process claim against Defendants Hoase, Bryan, and Range.

While Plaintiff is critical of how his grievances were handled, this is not enough to plead personal liability under § 1983 against Defendants Grievance Officer Linboom, Warden Baker, and ARB Chairperson Kildoff. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (alleged mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim). Furthermore, "[s]imply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *Norington v. Daniels*, 2011 WL 5101943, at *2-3 (N.D. Ind. Oct. 25, 2011). A warden cannot be held liable based solely on involvement in the grievance process. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process). Defendants Linboom, Baker, and Kildoff are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**B**

Plaintiff alleges Defendant Sergeant Moore retaliated against him for filing a PREA complaint against another prison staff member on December 1, 2023, by shaking down his cell, withholding mail, interfering with his medical treatment, and writing false disciplinary reports while Plaintiff was in segregation. To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected; (2) he suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor in the Defendant's action. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020).

"Filing a PREA complaint is protected First Amendment activity." *Pruitt v. Stewart*, No. 3:25-CV-366-JD-JEM, 2026 WL 437248, at *1 (N.D. Ind. Feb. 17, 2026); *see also Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (inmates have a First

Amendment right to file grievances). Based on Defendant Moore's alleged harassment shortly after Plaintiff filed a PREA complaint, it can be inferred that the complaint was at least a motivating factor in Defendant Moore's actions. It can also be inferred that Defendant Moore's alleged actions would likely deter future First Amendment activity. Plaintiff may proceed on a First Amendment retaliation claim against Defendant Moore.

C

Plaintiff alleges Defendants Lieutenant Greene and Correctional Officer Johnson violated his Eighth Amendment rights by using excessive force against him on January 19, 2024. To proceed on an excessive force claim, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017).

Plaintiff alleges he was talking to Defendant Greene about returning to his cell to use the bathroom when Defendant Johnson violently yanked on his waist chain, causing the handcuff to cut Plaintiff's right wrist and injuring his shoulder. Based on Plaintiff's allegations, the Court finds he has stated an Eighth Amendment excessive force claim against Defendant Johnson.

8

However, Plaintiff's allegations are insufficient to proceed on an excessive force claim against Defendant Greene because Plaintiff does not allege Defendant Greene used any force against him. Instead, Plaintiff will be permitted to proceed on a failure to intervene claim against Defendant Greene. A failure to intervene claim requires evidence of the following: (1) the defendant knew of the unconstitutional conduct; (2) the defendant had a realistic opportunity to prevent the harm; (3) the defendant failed to take reasonable steps to prevent the harm; and (4) the plaintiff suffered harm as a result. *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994).

**D**

Plaintiff alleges Defendants Main and Rapp, who were mental health providers assigned to the segregation unit, were deliberately indifferent to his serious mental health needs by failing to provide mental health treatment while he was in segregation. It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The

prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Plaintiff alleges he had a mental breakdown while he was in segregation and experienced emotional distress because he recently learned he might have colon cancer. Plaintiff requested to speak with Defendants Main and Rapp between December 13, 2023 and March 20, 2024, but they allegedly refused to speak with him, provide mental health treatment, or allow him to attend programs. The Court finds Plaintiff's allegations are sufficient to proceed on an Eighth Amendment deliberate indifference claim against Defendants Main and Rapp.

### E

Plaintiff alleges the conditions he endured while in segregation between December 13, 2023 and March 20, 2024 violated his Eighth Amendment rights. "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (citing *Farmer*, 511 U.S. at 833-34). "Prisoners are, however, entitled to 'the minimal civilized measure of life's necessities.'" *Dixon*, 114 F.3d at 642 (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (quoted citations omitted). In a claim related to inhumane conditions of confinement, a plaintiff must establish an objective and subjective component. "To satisfy the objective component, a plaintiff must show that the deprivation alleged is 'objectively, sufficiently serious.' Specifically, the plaintiff must show that 'the prison official's act or omission resulted in the denial of the minimal civilized measure of life's necessities." *Staggs v. Hollenbeck*, 248 F.3d 1159 (7th Cir. 2000) (internal quotation marks and citations omitted). To establish the

subjective component, a plaintiff must show that a defendant was deliberately indifferent, "that the official knew about the risk of harm, had the ability to prevent the harm, and failed to do so." *Williams v. Schmidt*, No. 14-487, 2019 WL 1046167, at *1 (W.D. Wis. Mar. 5, 2019) (citing *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009)).

While Plaintiff may be able to establish an Eighth Amendment claim based on the alleged conditions in segregation, Plaintiff does not allege who he complained to about the conditions and if they failed to take action. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff's conditions-of-confinement claim is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Rule 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on (1) a Fourteenth Amendment procedural due process claim against Defendants A. Hoase, Jamar Range, and Nicholas Bryan; (2) a First Amendment retaliation claim against Defendant Michael Moore; (3) an Eighth Amendment excessive force claim against Defendant Kaman Johnson; (4) an Eighth Amendment failure to intervene claim against Defendant Greene; and (5) an Eighth Amendment deliberate indifference claim against Defendants Main and Rapp. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Katherine Linboom, Tyrone Baker, and Ryan Kildoff are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule

of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Linboom, Baker, and Kildoff.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk

Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)   This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)   Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

9)   Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)  Plaintiff shall be provided with a copy of all pertinent medical records upon request.

11)  Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the

authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: March 5, 2026

s/Jonathan E. Hawley
U.S. District Judge